UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-231-GWU

FRED M. TOLLIVER,                                                  PLAINTIFF,

VS:                  MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,[1]         DEFENDANT,

## INTRODUCTION

Fred Tolliver brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security replacing Jo Anne B. Barnhart. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for her as the defendant in this action.

1

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d

654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."   20  C.F.R.  404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Tolliver, a 34 year-old former counselor, cook and handicap worker[2] with a college education, suffered from impairments related to degenerative disc disease.  (Tr. 17, 20).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18, 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21-22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the

---

[2]"Handicap worker" was the term used in the ALJ's opinion.  The plaintiff testified that the job was a "patient aide" position.  (Tr. 463).

Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical presented to Vocational Expert William Ellis included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop, bend, crouch, or crawl; (2) an inability to ever to climb ladders; (3) the need for a sit/stand at will option; and (4) no overhead reaching. (Tr. 478). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 478-479). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Tolliver's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the hypothetical question, the undersigned finds no error. Dr. Patrice Beliveau, a treating physician at Cumberland Orthopedic and Sports Medicine, opined in June of 2004 that Tolliver would be limited to lifting no more than 35 pounds and should not lift overhead with the left upper extremity. (Tr. 236). The hypothetical question was consistent with these restrictions. The question was also essentially compatible with the limitations identified by Dr. Timothy Gregg (Tr. 351-359) and Dr. Allen Dawson (Tr. 360-368), the non-examining medical reviewers. Such treating and examining sources of record as the staff at Christian Healthcare (Tr. 195-204), the staff at Jewish Hospital (Tr. 205-234), the staff at Appalachian Regional Healthcare (Tr. 251-286), the staff at St. Mary's Hospital (Tr. 287-300), Dr. Abdulkader Dahhan (Tr. 301-314), and Dr. Emmanuel Yumang (Tr. 440) did not report the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Dr. John Gilbert identified a number of very severe physical restrictions on

a May 16, 2005 assessment form. (Tr. 315-317). The ALJ rejected this opinion because no one on the doctor's staff would have seen Tolliver since June, 2003,[3] almost two years earlier and because great weight was given to the opinion of Dr. Beliveau, another treating source. (Tr. 20). The plaintiff alleged a disability onset date of May 19, 2004 (Tr. 50) and, so, Dr. Gilbert did not even see the him during the time period relevant to this appeal. Under these circumstances, the ALJ acted properly.

The ALJ properly concluded that Tolliver did not suffer from a "severe" mental impairment. Psychologist Jeanne Bennett examined the plaintiff and diagnosed a pain disorder with psychological symptoms and medical features and dependent personality traits. (Tr. 249). The examiner noted a Global Assessment of Functioning (GAF) rating of 50. (Tr. 249). Such a GAF suggests the existence of serious psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.-Revised, 1994). However, the psychologist reported the existence of only "slight" restrictions in such areas as responding appropriately to others and dealing with work stresses. (Tr. 250). Psychologist Stephen Scher, a non-examining medical reviewer, opined that Bennett's GAF rating was not well-supported by the text of her report and indicated that any mental problems were "less than severe." (Tr. 349). Psychologist Jane Brake, another reviewer, affirmed this finding. (Tr. 369-383). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. <u>Barker v. Shalala</u>, 40 F.3d 789. 794 (6th

---

[3] The treatment records indicate that Dr. Gilbert last saw the plaintiff in September of 2002. (Tr. 322). The last three office visits of the claimant in March, 2003, April, 2003 and June, 2003 were actually with Dr. Greg Wheeler and Dr. Richard Lingreen, colleagues of Dr. Gilbert. (Tr. 318-320).

7

Cir. 1994). Scher stated the reasons for his differing opinion. Furthermore, the claimant has not raised this as a issue. Therefore, the Court finds no error.

Tolliver asserts that the ALJ erred in failing to cite specific reasons why his testimony was not found credible. However, the ALJ did indicate that the record failed to provide sufficient objective medical data. (Tr. 19). The plaintiff was noted to have left Jewish Hospital in May of 2004 against medical advice. (Tr. 19). The ALJ also cited the claimant's lack of participation in rehabilitative therapies. (Tr. 20). These were all reasons cited for the rejection of his credibility and the undersigned finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment order and deny that of the plaintiff.

This the 28th day of February, 2007.

Signed By:

*G. Wix Unthank*

United States Senior Judge